JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)   PLAINTIFFS | DEFENDANTS |
|---|---|
| David Dearden, as Executor of the Estates of Edward J. Dearden and Theresa J. Dearden, et al. | FCA US LLC, et al. |

| (b)   County of Residence of First Listed Plaintiff: Montgomery County, PA (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant (IN U.S. PLAINTIFF CASES ONLY) NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
|---|---|

| (c)   Attorneys (Firm Name, Address, and Telephone Number) See attachment. | Attorneys (If Known) See attachment. |
|---|---|

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1   U.S. Government Plaintiff

☐ 2   U.S. Government Defendant

☒ 3   Federal Question (U.S. Government Not a Party)

☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☒ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury— Med. Malpractice<br>☐ 365 Personal Injury— Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| | | | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |
| | | | ☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus - Alien Detainee<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1452; 28 U.S.C. 157

Brief description of cause:
Product defect/negligence action related to motor vehicle accident – recovery limited by Bankruptcy Court Orders

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE Hon. Joseph F. Leeson, Jr.
DOCKET NUMBER 5:16-cv-00713-JFL

DATE 6/2/16

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

American LegalNet, Inc.
www.FormsWorkflow.com

## COUNSEL LIST

The following counsel have entered an appearance as of the date of this filing:

David L. Kwass
David J. Langsam
SALTZ, MONGELUZZI,
BARRETT & BENDESKY, P.C.
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
(215) 496-8282
*Counsel for Plaintiff, David Dearden, as Executor of the Estates of Edward J. Dearden and Theresa J. Dearden, Deceased*

John M. Dodig
Jason A. Daria
FELDMAN, SHEPHERD, WOHLGELERNTER,
TANNER, WEINSTOCK & DODIG
1845 Walnut Street
21st Floor
Philadelphia, PA 19103
(215) 567-8300
*Counsel for Plaintiff, VirginiaAnne Rosner, Individually and as Administratrix of the Estate of Robert D. Rosner, Deceased*

David H. Rosenberg
David L. Lutz
HANDLER, HENNING & ROSENBERG, LLP
1300 Linglestown Road
Harrisburg, PA 17110
(717) 238-2000
*Counsel for Plaintiffs, Diego Frank Burns, Melissa Burns, Mary Burns (a minor), Lucy Burns (a minor), Joseph Burns (a minor) and Alexei Burns (a minor)*

Keith D. Heinold
MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2640
*Counsel for Defendant, FCA US LLC, formerly known as Chrysler Group LLC*

American LegalNet, Inc.
www.FormsWorkflow.com

John H. McCarthy
Daniel J. Rucket
RAWLE & HENDERSON LLP
The Widener Building
1339 Chestnut Street, 16th Floor
Philadelphia, PA  19107
(215) 575-4200
*Counsel for Defendant, Henise Tire Service, Inc.*

Donna M. DiPietro
Barbara C. Morrow
NICOLSON LAW GROUP
Rose Tree Corporate Center II
1400 N. Providence Road
Suite 6035
Media, PA  19063
*Counsel for Defendants, Vincente Espinvera, Mariana Salas (incorrectly identified as
MS Trucking a/k/a M. Salas Trucking) and DJM Transport LLC*

No attorney has entered an appearance on behalf of the following parties as of the date of

this filing:

Nanette S. Brickner
317 Third Street
Hanover, PA  17331

Bill Anskis Company, Inc.
465 Industrial Park Road
Elysburg, PA  17824

Traffic Planning & Design, Inc.
2500 East High Street, Suite 650
Pottstown, PA  19464

All State Traffic Control of PA, Inc.
600 Westmoreland Avenue
Kingston, PA  19440

Established Traffic Control, Inc.
3162 Unionville Pike
Hatfield, PA  19440

TRC Companies Inc., d/b/a TRC Engineering, Inc.
1601 Market Street, Suite 2555
Philadelphia, PA  19103

American LegalNet, Inc.
www.FormsWorkflow.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| DAVID DEARDEN, et al. | : | CIVIL ACTION |
| v. | : | |
| FCA US LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  (✓)

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

| | | |
|---|---|---|
| _6/2/16_ | _[signature]_ | FCA US LLC |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-575-2640 | 215-575-0856 | kdheinold@mdwcg.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: David Dearden (lead Plaintiff): 7904 Pine Road, Wyndmoor, PA 19038 (See Complaint for addresses of remaining Plaintiffs)

Address of Defendant: FCA US LLC (removing Defendant): 1000 Chrysler Drive, Auburn Hills, Michigan 48326 (See Complaint for addresses of remaining Defendants)

Place of Accident, Incident or Transaction: Greenwich Township, Berks County, Pennsylvania

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☑   No ☐

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☑

*RELATED CASE, IF ANY*:

Case Number: 5:16-cv-00713-JFL     Judge Joseph F. Leeson     Date Terminated: N/A

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

   Yes ☑   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

   Yes ☐   No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) 28 U.S.C. 1334 - Bankruptcy jurisdiction

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury
   (Please specify)

7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 6/2/16 _____   _____   30244

    Attorney-at-Law     Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____   _____

    Attorney-at-Law     Attorney I.D.#

CIV. 609 (6/08)

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: David Dearden (lead Plaintiff): 7904 Pine Road, Wyndmoor, PA 19038 (See Complaint for addresses of remaining Plaintiffs)

Address of Defendant: FCA US LLC (removing Defendant): 1000 Chrysler Drive, Auburn Hills, Michigan 48326 (See Complaint for addresses of remaining Defendants)

Place of Accident, Incident or Transaction: Greenwich Township, Berks County, Pennsylvania

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☑   No ☐

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☑

*RELATED CASE, IF ANY:*

Case Number: 5:16-cv-00713-JFL          Judge Joseph F. Leeson          Date Terminated: N/A

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☑   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐   No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A.  *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) 28 U.S.C. 1334 - Bankruptcy jurisdiction

B.  *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury
    (Please specify)

7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 6/2/16                    _____          30244
                               Attorney-at-Law                    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____          _____          _____
                               Attorney-at-Law                    Attorney I.D.#

CIV. 609 (6/08)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID DEARDEN, as Executor of the Estate   :   **CIVIL ACTION**
of EDWARD J. DEARDEN, Deceased   :
      and   :   **NO.**
DAVID DEARDEN, as Executor of the Estate   :
of THERESA J. DEARDEN, Deceased   :   JURY TRIAL DEMANDED
      and   :
VIRGINIAANNE ROSNER, Individually and   :
as Administratrix of the Estate of ROBERT D.   :
ROSNER, Deceased   :
      and   :
DIEGO FRANK BURNS and MELISSA   :
BURNS, Individually and as the Parents and   :
Natural Guardians of MARY BURNS, a minor,   :
LUCY BURNS, a minor, JOSEPH BURNS, a   :
minor, and ALEXEI BURNS, a minor   :
  :
      v.   :
  :
FCA US LLC and   :
CHRYSLER GROUP LLC and   :
NANETTE S. BRICKNER and   :
HENISE TIRE SERVICE, INC. and   :
VINCENTE ESPINVERA and   :
MARIANA SALAS and   :
MS TRUCKING a/k/a M. SALAS TRUCKING and:
DJM TRANSPORT, LLC and   :
BILL ANSKIS COMPANY, INC. and   :
TRAFFIC PLANNING & DESIGN, INC. and   :
ALL STATE TRAFFIC CONTROL   :
OF PA, INC. and   :
ESTABLISHED TRAFFIC CONTROL, INC. and   :
TRC COMPANIES INC. d/b/a TRC   :
ENGINEERS, INC.   :

## NOTICE OF REMOVAL

Defendant FCA US LLC (formerly known as Chrysler Group LLC)(hereinafter referred

to as "FCA US") hereby removes to this Court, pursuant to 28 U.S.C. § 1452, an action pending

in the Court of Common Pleas, Philadelphia County, Pennsylvania, May Term, 2016, No. 0492

(the "May Term Action").[1]   In the May Term Action, Plaintiffs seek the imposition of punitive damages against FCA US, in contravention of two Orders of the Bankruptcy Court.  Because the interpretation and enforcement of Bankruptcy Court Orders are at issue, this civil proceeding arises under or arises in Title 11 of the United States Code, the United States Bankruptcy Code. Therefore, this Court has original jurisdiction over the State Action under 28 U.S.C. § 1334 and the May Term Action is removable under 28 U.S.C. § 1452.

## BACKGROUND

### The Chrysler LLC Bankruptcy

1.      On April 30, 2009, Chrysler LLC (subsequently known as Old Carco LLC), the successor in interest to the manufacturer of the vehicle at issue,[2] and 24 of its affiliated entities (collectively "Debtors"), filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York, Case No. 09-50002.  In re Old Carco LLC (f/k/a Chrysler LLC), Case No. 09-50002 (Bankr. S.D.N.Y.).  On or about May 19, 2009, the Debtors and a newly formed and independent entity now known as FCA US LLC (Defendant FCA US herein)[3] entered into a Master Transaction Agreement ("MTA") under the terms of which FCA US purchased substantially all of Debtors' assets and assumed certain of their liabilities.  See MTA, relevant portions attached hereto as Exhibit "A."

---

[1] As will be explained in more detail below, the May Term Action is the second lawsuit filed by Plaintiffs against FCA US premised on the same motor vehicle accident. The instant action is referred to as the "May Term Action" in this filing to distinguish it from the first suit filed by Plaintiffs.

[2] The manufacturer of the vehicle that is the subject of this action was Chrysler Corporation.  In 1998, the name of Chrysler Corporation was changed to DaimlerChrysler Corporation.  In 2007, DaimlerChrysler Corporation was converted to a limited liability company and renamed DaimlerChrysler Company LLC.  DaimlerChrysler Company LLC was later renamed Chrysler LLC.

[3] The party to the Master Transaction Agreement was New Carco Acquisition LLC.  On June 10, 2009, New Carco Acquisition LLC changed its name to Chrysler Group LLC.  Effective December 15, 2014, Chrysler Group LLC changed its name to its current one, FCA US LLC (Defendant FCA US herein).

2.    On June 1, 2009, the Bankruptcy Court approved the MTA and the sale by entering its Sale Order "(I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith and Related Procedures and (III) Granting Related Relief." See Sale Order, relevant portions attached hereto as Exhibit "B." The asset sale to FCA US closed on June 10, 2009 ("Closing Date").

3.    In the Sale Order, the Bankruptcy Court expressly addressed the issue of whether FCA US (named as "the Purchaser") would have any responsibility for the liabilities of the Debtors:

> ***Except for the Assumed Liabilities expressly set forth*** in the Purchase Agreement or described therein or Claims against any Purchased Company, ***none of the Purchaser, its successor or assigns or any of their respective affiliates shall have any liability for any Claim that (a) arose prior to the Closing Date, (b) relates to the production of vehicles prior to the Closing Date or (c) otherwise is assertable against the Debtors or is related to the Purchased Assets prior to the Closing Date.*** The Purchaser shall not be deemed, as a result of any action taken in connection with the Purchase Agreement or any of the transactions or documents ancillary thereto or contemplated thereby or the acquisition of the Purchased Assets, to: (a) be a legal successor, or otherwise be deemed a successor to the Debtors (other than with respect to any obligations arising under the Assumed Agreements from and after the Closing); (b) have, *de facto*, or otherwise, merged with or into the Debtors; or (c) be a mere continuation or substantial continuation of the Debtors or the enterprise of the Debtors. Without limiting the foregoing, the Purchaser shall not have any successor, derivative or vicarious liabilities of any kind or character for any Claims, including, but not limited to, on any theory of successor or transferee liability, *de facto* merge or continuity, environmental, labor and employment, products or antitrust liability, whether known or unknown as of the Closing, now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated.

See Exhibit "B" at ¶ 35 (emphasis added).

3

4.  Section 2.09 of the MTA provides that FCA US "shall not assume and shall be deemed not to have assumed" any liabilities of Debtors other than the expressly Assumed Liabilities. See Exhibit "A" at § 2.09.

5.  On October 29, 2009, the assumption of liability provisions of the MTA were amended. See Amendment No. 4 to Master Transaction Agreement, a copy of which is attached hereto as Exhibit "C."

6.  Amendment No. 4 provided that FCA US would assume liability for

> (i) all Product Liability Claims arising from the sale after the Closing of Products or Inventory manufactured by [Old Carco LLC] or their subsidiaries in whole or in part prior to the Closing and (ii) *all Product Liability Claims* arising from the sale on or prior to the Closing of motor vehicles or component parts, in each case manufactured by [Old Carco LLC] or their subsidiaries and distributed and sold as a Chrysler, Jeep, or Dodge brand vehicle or MOPAR brand part, *solely to the extent such Product Liability Claims* (A) arise directly from motor vehicle accidents occurring on or after Closing, (B) are not barred by any statute of limitations, (C) are not claims including or related to any alleged exposure to any asbestos-containing material or any other Hazardous Material and (D) *do not include any claim for exemplary or punitive damages.*

> Id. (emphasis added)

7.  Relevant to Plaintiffs' Complaint, therefore, FCA US has agreed to defend only those product liability claims arising from motor vehicle accidents occurring after June 10, 2009, and involving a Chrysler, Jeep, or Dodge brand vehicle manufactured by Old Carco LLC, that do not include any claim for exemplary or punitive damages. See Exhibits "A" and "C."

8.  On November 19, 2009, the Bankruptcy Court for the Southern District of New York entered an Order approving Amendment No. 4 to the MTA. See Order of November 19, 2009, a copy of which is attached hereto as Exhibit "D."

**The State Actions**

9.  On or about January 12, 2016, Plaintiffs David Dearden, Virginia Anne Rosner, Diego Frank Burns, and Melissa Burns, filed an action in the Court of Common Pleas for Philadelphia County[4] (the "January Term Action").

10. In the January Term Action, Plaintiffs alleged that they sustained a variety of injuries, up to and including death, as the result of a multi-vehicle accident that occurred on May 12, 2014.

11. FCA US timely removed the January Term Action to the District Court for the Eastern District of Pennsylvania, in which court it is presently venued.

12. On or about May 4, 2016, the same Plaintiffs filed a second action in the Court of Common Pleas for Philadelphia County, premised on the same May 12, 2014 motor vehicle accident (the "May Term Action").  See Complaint, a copy of which is attached hereto as Exhibit "E."

13. Plaintiffs' allegations in the May Term Action are substantively the same as those asserted in the January Term Action; Plaintiffs simply identified additional defendants to be included in the litigation.  See id. at ¶¶ 4, 7 and generally.

14. In the instant filing, FCA US now removes the May Term Action.

15. In the May Term Action (as in the January Term Action), only Plaintiff David Dearden asserts claims against FCA US.  See id. at ¶¶ 86-133, and generally.

---

[4] Plaintiff David Dearden filed suit as the Executor of the Estate of Edward J. and Theresa J. Dearden.  Plaintiff Virginia Anne Rosner, filed suit individually and as Administratrix of the Estate of Robert D. Rosner.  Plaintiffs Diego Frank Burns and Melissa Burns filed suit individually and as the Parents and Natural Guardians of Mary Burns, Lucy Burns, Joseph Burns, and Alexei Burns.

16.     Specifically, Plaintiff David Dearden alleges that the vehicle occupied by his decedents, Edward J. and Theresa J. Dearden, a 1995 Jeep Grand Cherokee, was defective, and that FCA US improperly failed to recall it, or failed to recall it adequately. See id.

17.     On the basis of these allegations, Plaintiff David Dearden seeks the imposition of punitive damages against FCA US. See id. at ¶¶ 104-133.

18.     FCA US first received a copy of Plaintiffs' Complaint in the May Term Action on May 11, 2016. See Sheriff's Return of Service, attached hereto as Exhibit "F."

## BASIS FOR REMOVAL

**A.      This Court Has Jurisdiction Under 28 U.S.C. § 1334(b) Because the May Term Action Arises Under Title 11 or Arises In the Bankruptcy Case of *In re Old Carco LLC (f/k/a Chrysler LLC)*.**

19.     The outcome of this case depends on how the Bankruptcy Court's June 1, 2009 Sale Order, and November 19, 2009 Order approving Amendment No. 4 are construed. Indeed, *any* liability of FCA US is premised on the notion that the Sale Order entered by the Bankruptcy Court in In re Old Carco LLC (f/k/a Chrysler LLC) created liability for the claims and causes of action asserted against FCA US by Plaintiff Dearden in the May Term Action.   Specifically, FCA US did not exist until *after* the 1995 Jeep Grand Cherokee that is the subject of this action was manufactured by the bankrupt Debtors. Therefore, absent the issuance of the Sale Order by the Bankruptcy Court, Plaintiff Dearden would have no basis to assert his claims against FCA US.  Accordingly, this Court has jurisdiction over this case under the express wording of 28 U.S.C. § 1334(b), which provides that this Court has jurisdiction of all civil proceedings "arising in" In re Old Carco LLC (f/k/a Chrysler LLC). See 28 U.S.C. § 1334(b).

20.     Furthermore, this Court has jurisdiction pursuant to 28 U.S.C. § 1334(b) because the May Term Action "arises under title 11." The Bankruptcy Court expressly retained jurisdiction "to interpret, implement and enforce the terms and provisions" of its June 1, 2009 Sale Order "including to . . . protect the Purchaser [FCA US] against any Claims." See Exhibit "B" at ¶ 59. The Bankruptcy Court also expressly retained jurisdiction "over all matters or disputes arising out of or in connection with" the Order approving Amendment No. 4 to the MTA. See Exhibit "D" at ¶ 2. Moreover, where, as here, an action involves the interpretation of a bankruptcy order, such proceeding "must be considered to arise under title 11 if the policies underlying the [Bankruptcy] Code are to be effectively implemented." In re Franklin, 802 F.2d 324, 326 (9th Cir. 1986). Furthermore, bankruptcy courts have the power and jurisdiction to interpret and enforce their own orders.[5] Travelers Indem. Co. v. Bailey, 557 U.S. 137, 151 (2009); In re Franklin, 802 F.2d at 326 ("Simply put, bankruptcy courts must retain jurisdiction to construe their own orders if they are to be capable of monitoring whether those orders are ultimately executed in the intended manner"); see also In Re Lazy Days RV Center, Inc., 724 F.3d 418, 422-23 (3d Cir. 2013); In re Allegheny Health, Education and Research Foundation, 383 F.3d 169, 175-176 (3rd Cir. 2004); In re Marcus Hook Development Park, Inc., 943 F.2d 261, 266-267 (3rd Cir. 1991).

21.     Here, the May Term Action necessarily involves the interpretation, implementation and enforcement of the provisions of the Bankruptcy Court's Orders of June 1, 2009 and November 19, 2009, over which that Court expressly retained jurisdiction. Plaintiff

---

[5] This is true even if the underlying bankruptcy case has closed. See Williams v. Citifinancial Mortg. Co. (In re Williams), 256 B.R. 885, 892 (B.A.P. 8th Cir. 2001)("It is also well established that bankruptcy courts retain jurisdiction after a case has been dismissed or closed to interpret or enforce previously entered orders.")(citations omitted).

David Dearden's claims are based upon certain liabilities of the Debtors that were <u>not</u> assumed by FCA US. Specific to this lawsuit, to the extent Plaintiffs seek damages for exemplary or punitive damages, FCA US did not assume liability for such damages. <u>See</u> Exhibit "C." The May Term Action therefore "arises under title 11" as it seeks to contravene the Bankruptcy Court's own grant of jurisdiction and thus, this Court has jurisdiction over this matter. <u>See</u> 28 U.S.C. § 1334.[6]

**B.**     **The May Term Action is a Core Proceeding.**

22.     The Bankruptcy Court has jurisdiction to hear and determine the issues raised by the May Term Action because it is a "core proceeding" within the meaning of 28 U.S.C. § 157. Specifically, the statute expressly provides as an example of a core proceeding a proceeding involving "orders approving the sale of property." 28 U.S.C. § 157(b)(2)(N). Accordingly, where resolution of a controversy turns on an interpretation or enforcement of a Bankruptcy Court's Sale Order, the case is a "core proceeding." <u>See In re Allegheny Health, Education and Research Foundation</u>, 383 F.3d 169, 175-176 (3rd Cir. 2004) (holding that "the bankruptcy court correctly determined that the suit was a core proceeding because it required the court to interpret and give effect to its previous sale orders") (citing <u>In re Marcus Hook Development Park, Inc.</u>, 943 F.2d 261, 267 (3rd Cir. 1991)); <u>In re Millennium Sea Carriers, Inc.</u>, 458 F.3d 92, 95 (2nd Cir. 2006)(holding that a request for the bankruptcy court to enforce a sale order constitutes a core proceeding); <u>In re Petrie Retail, Inc.</u>, 304 F.3d 223, 229-30 (2nd Cir. 2002) (upholding the finding that a dispute involving assignment of liabilities under a sale order was a core proceeding because it "was based on rights established in the Sale Order" and "was uniquely affected

---

[6] Upon removal, FCA US will move to transfer this matter to the Southern District of New York for referral to the Bankruptcy Court for enforcement of its rulings regarding the bankruptcy.

by and inextricably linked to the Bankruptcy Court's Sale Order" (citation omitted)); <u>see also</u> <u>In re Texaco Inc.</u>, 182 B.R. 937, 944 (Bank. S.D.N.Y. 1995)("There can be no question that a proceeding such as this, to enforce and construe a confirmation order issued by this Court in this case, constitutes a proceeding 'arising in or related to a case under Title 11.'").

23.    Indeed, interpretation of the very Sale Order at issue in this case has been found to constitute a "core proceeding" by the Bankruptcy Court for the Southern District of New York.   <u>See</u> Order Granting Defendant's Motion to Dismiss, <u>Wolff v. Chrysler Group LLC</u>, Ad. Proc. No. 10-05007 (Bankr. S.D.N.Y July 30, 2010) (Gonzalez, J.) (wherein the Bankruptcy Court held that a claim asserted against FCA US [then known as Chrysler Group LLC] and removed from state court and transferred to the Bankruptcy Court was a core proceeding as it was "ancillary to the Sale Order"), attached hereto as Exhibit "G."

24.    Many District Courts have reached the same conclusion, finding that interpretation and enforcement of the Old Carco Sale Order constitutes a "core proceeding" subject to bankruptcy jurisdiction.   <u>See</u>, <u>e.g.</u>, <u>Citizens Ins. Co. of Am. v. FCA US LLC</u>, 2016 U.S. Dist. LEXIS 62142 (E.D. Mich. May 11, 2016)(finding that federal jurisdiction existed because interpretation and enforcement of the Sale Order "constitutes a 'core proceeding' that 'arises in' the bankruptcy case"); <u>Powell v. FCA US LLC, et al.</u>, 2015 U.S. Dist. LEXIS 110718 (M.D. Ala. Aug. 21, 2015)(finding bankruptcy jurisdiction proper because "[b]efore any court considers the merits of the case, it will first have to interpret the scope of the Sale Order as applied to the Plaintiff's claims"); <u>Martin v. Chrysler Group LLC, et al.</u>, 2013 U.S. Dist. LEXIS 134763 (W.D. Va. Sept. 20, 2013)(finding that bankruptcy jurisdiction existed because "the plaintiffs' claims would not exist 'but for' the

Sale Order'"); <u>Quesenberry v. Chrysler Group, LLC, et al.</u>, 2012 U.S. Dist. LEXIS 107380 (E.D. Ky. July 31, 2012)(finding case to be a core proceeding because it involved "the interpretation and enforcement of the Bankruptcy Court's Sale Order and Purchase Agreement"); <u>Monk v. Chrysler Group, LLC, et al.</u>, 2009 U.S. Dist. LEXIS 114242 (N.D. Ga. Dec. 3, 2009)(finding that "[i]ssues raised in the present action require[d] interpretation and application of [a sale order]" and that "these threshold issues need to be resolved by the Bankruptcy Court.").

25.     Therefore, this matter is a core proceeding and jurisdiction is proper.

**C.      FCA US Has Complied With All Applicable Deadlines and Procedures, and Venue is Proper.**

26.     For the reasons stated above, the interpretation and enforcement of the Bankruptcy Court's Orders arises under the Bankruptcy Code, and therefore this Court has jurisdiction pursuant to 28 U.S.C. § 1334.

27.     Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the other claims asserted in Plaintiffs' Complaint.[7]

28.     Venue is proper in this District under 28 U.S.C. §§ 1334 and 1452 because this District and division embrace the place where the removed action is pending, Philadelphia County, Pennsylvania.

29.     The filing of the instant notice of removal is timely as it is filed within thirty (30) days of receipt of Plaintiffs' Complaint.  <u>See</u> 28 U.S.C. § 1446(b)(2)(B); <u>see also</u> Exhibit "F."

---

[7] FCA US recognizes that this case involves numerous claims asserted by a number of plaintiffs against many defendants.  However, all claims stem from the same May 11, 2014 accident, and therefore involve overlapping parties, witnesses, and other evidence.  Accordingly, the exercise of supplemental jurisdiction would be appropriate. In the alternative, the Court may sever the claims against the other defendants, and retain jurisdiction over the claims against FCA US only. 28 U.S.C. § 1441(c)(2); <u>see also</u> <u>Borough of W. Mifflin v. Lancaster</u>, 45 F.3d 780, 787 (3d Cir. 1995)(lack of supplemental jurisdiction over state law claims does not authorize "a district court to decline to entertain a claim over which it has original jurisdiction"); 16 Moore's Federal Practice – Civil § 106.63 ("Section 1441(c) does not support remand of federal claims, requiring instead severance and remand of claims that are not within the original or supplemental jurisdiction of the district court.").

30.   Because this matter is being removed pursuant to 28 U.S.C. § 1452, consent of the other defendants is not required. <u>Compare</u> 28 U.S.C. § 1446(b)(2)(A) (requiring the consent of all defendants "when a civil action is removed solely under section 1441(a)") <u>with</u> 28 U.S.C. § 1452 (containing no such consent requirement); <u>see also</u> <u>Cal. Pub. Employees' Ret. Sys. v. Worldcom, Inc.</u>, 368 F.3d 86, 103 (2d Cir. 2004)("[R]emoval under that provision [28 U.S.C. § 1452], unlike removal under Section 1441(a), does not require the unanimous consent of the defendants."); <u>Townsquare Media, Inc. v. Brill</u>, 652 F.3d 767, 770 (7th Cir. 2011)(same); <u>Cal. Pub. Employees' Ret. Sys. v. Wachovia Capital Markets, LLC</u>, 2009 U.S. Dist. LEXIS 14222, *8 n.1 (W.D. Pa. 2009)(same).

31.   Promptly after filing in this Court and the assignment of a civil action number, a Notice of Removal will be sent to the Philadelphia County Court of Common Pleas in accordance with 28 U.S.C. § 1446(d).

32.   Written notice of the filing of this Notice of Removal will be given to all adverse parties in accordance with 28 U.S.C. § 1446(d) and is noted in the Certificate of Service attached hereto.

33.   True and correct copies of all process, pleadings, and orders served upon Defendants are attached hereto in accordance with 28 U.S.C. § 1446(a).   These consist of the aforementioned Exhibits "E" and "F," as well as additional returns of service and preliminary objections filed in the Court of Common Pleas, collectively attached hereto as Exhibit "H."

11

WHEREFORE, Defendant FCA US LLC hereby removes this action from the Court of Common Pleas for Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
KEITH D. HEINOLD
Attorney for Defendant
FCA US LLC, formerly known as
Chrysler Group LLC
2000 Market Street, Suite 2300
Philadelphia, PA  19103
215-575-2640 (P)
215-575-0856 (F)
kdheinold@mdwcg.com

## **VERIFICATION**

I, Keith Heinold, hereby state the facts set forth in the foregoing Notice of Removal are true and correct to the best of my knowledge, information and belief.  I understand that this statement is made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

KEITH D. HEINOLD
Attorney for Defendant,
FCA US LLC, formerly known as
Chrysler Group LLC

DATED:_____6/2/16_____

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Notice of Removal was served this date, via electronic mail, to the following counsel:

David L. Kwass
David J. Langsam
SALTZ, MONGELUZZI,
BARRETT & BENDESKY, P.C.
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
*Counsel for Plaintiff, David Dearden, as Executor of the Estates of Edward J. Dearden and Theresa J. Dearden, Deceased*

John M. Dodig
Jason A. Daria
FELDMAN, SHEPHERD, WOHLGELERNTER,
TANNER, WEINSTOCK & DODIG
1845 Walnut Street
21st Floor
Philadelphia, PA 19103
*Counsel for Plaintiff, VirginiaAnne Rosner, Individually and as Administratrix of the Estate of Robert D. Rosner, Deceased*

David H. Rosenberg
David L. Lutz
HANDLER, HENNING & ROSENBERG, LLP
1300 Linglestown Road
Harrisburg, PA 17110
*Counsel for Plaintiffs, Diego Frank Burns, Melissa Burns, Mary Burns (a minor), Lucy Burns (a minor), Joseph Burns (a minor) and Alexei Burns (a minor)*

John H. McCarthy
Daniel J. Rucket
RAWLE & HENDERSON LLP
The Widener Building
1339 Chestnut Street, 16th Floor
Philadelphia, PA 19107
*Counsel for Defendant, Henise Tire Service, Inc.*

Donna M. DiPietro
Barbara C. Morrow
NICOLSON LAW GROUP
Rose Tree Corporate Center II
1400 N. Providence Road
Suite 6035
Media, PA  19063
*Counsel for Defendants, Vincente Espinvera, Mariana Salas (incorrectly identified as*
*MS Trucking a/k/a M. Salas Trucking) and DJM Transport LLC*

   I further certify that a true and correct copy of the foregoing document was served this
date, via regular mail, to the following parties:

Nanette S. Brickner
317 Third Street
Hanover, PA  17331

Bill Anskis Company, Inc.
465 Industrial Park Road
Elysburg, PA  17824

Traffic Planning & Design, Inc.
2500 East High Street, Suite 650
Pottstown, PA  19464

All State Traffic Control of PA, Inc.
600 Westmoreland Avenue
Kingston, PA  19440

Established Traffic Control, Inc.
3162 Unionville Pike
Hatfield, PA  19440

TRC Companies Inc., d/b/a TRC Engineering, Inc.
1601 Market Street, Suite 2555
Philadelphia, PA  19103

        **MARSHALL DENNEHEY WARNER**
        **COLEMAN & GOGGIN**

       BY:_____
         JANET M. SMITH
         Administrative Assistant to
         KEITH D. HEINOLD
         Attorney for Defendant
         FCA US LLC

**DATED:**  June 2, 2016