163.    All Plaintiffs incorporate by reference all preceding paragraphs, as though fully set forth here.

164.    The incident, injuries, death and damages described herein were caused by the carelessness and negligence of Defendants, Bill Anskis Company, Inc., Traffic Planning & Design, Inc., All State Traffic Control of PA, Inc., Established Traffic Control, Inc., and TRC Companies, Inc., d/b/a TRC Engineers, Inc., individually, jointly and/or severally, by and/or through their agents, workmen, servants and/or employees, both generally and in the following particular respects:

a.   Failing to comply with the contract requirements for the Maintenance & Protection of Traffic during construction;

b.   Failing to comply with PennDOT standards for the Maintenance & Protection of Traffic during construction;

c.   Failing to comply with industry standards and practices for the Maintenance & Protection of Traffic during construction;

d.   Improperly restricting eastbound traffic on I-78;

e.   Failing to properly warn motorists about the construction work being performed in the area of mile marker 44 on I-78 on the date of loss;

f.   Improperly warning motorists about the construction work being performed in the area of mile marker 44 on I-78 on the date of loss;

g.   Failing to advise and/or warn PennDOT about the construction work being performed in the area of mile marker 44 on I-78 on the date of loss;

h.   Improperly advising and/or warning PennDOT about the construction work being performed in the area of mile marker 44 on I-78 on the date of loss;

i.   Failing to advise the Pennsylvania State Police about the construction work being performed in the area of mile marker 44 on I-78 on the date of loss;

j.   Failing to obtain the assistance of the Pennsylvania State Police to monitor and control traffic;

Case ID: 160500492

k. Failing to otherwise employ active traffic control measures to monitor and control traffic, especially at the end of the traffic congestion;

l. Failing to place appropriate signs regarding the construction work being performed in the area of mile marker 44 on I-78 on the date of loss;

m. Improperly placing signs regarding the construction work being performed in the area of mile marker 44 on I-78 on the date of loss;

n. Failing to study or analyze the impact of construction on traffic during daytime hours on a weekday;

o. Failing to conduct a traffic volume survey;

p. Performing construction and related activities on a Monday between the hours of 6:00 a.m. and 7:00 p.m.;

q. Improperly restricting traffic on a Monday between the hours of 6:00 a.m. and 7:00 p.m.

r. Failing to hire safe and competent subcontractors;

s. Hiring unsafe and incompetent subcontractors;

t. Failing to properly supervise subcontractors;

u. Failing to properly monitor and direct the work of subcontractors;

v. Allowing and failing to prevent or stop work on a Monday between 6:00 a.m. and 7:00 p.m.;

w. Allowing and failing to prevent or stop work to restrict traffic on 78; and

x. Failing to maintain the highway in a safe and travel worthy condition.

165.    The foregoing negligence and carelessness of Defendants, Bill Anskis Company, Inc., Traffic Planning & Design, Inc., All State Traffic Control of PA, Inc., Established Traffic Control, Inc., and TRC Companies, Inc., d/b/a TRC Engineers, Inc., increased the risk of harm, injuries, death and damages described herein, and were a substantial contributing factor in causing those injuries and damages.

Case ID: 160500492

WHEREFORE, all Plaintiffs demand judgment in their favor and against Defendants, Bill Anskis Company, Inc., Traffic Planning & Design, Inc., All State Traffic Control of PA, Inc., Established Traffic Control, Inc., and TRC Companies, Inc., d/b/a TRC Engineers, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00) including delay damages, pursuant to Pa. R.C.P. 238, interest and allowable costs of suit and brings this action to recover the same.

## COUNT TEN – WRONGFUL DEATH
## DAVID DEARDEN, EXECUTOR OF THE ESTATE OF EDWARD J. DEARDEN, DECEASED v. ALL DEFENDANTS

166.    Plaintiff incorporates by reference all preceding paragraphs, as though fully set forth here.

167.    Plaintiff David Dearden, as Executor of the Estate of Edward J. Dearden, brings this action pursuant to the Pennsylvania Wrongful Death Act, 42 Pa. C.S. § 8301, on behalf of the Decedent's statutory beneficiaries against all Defendants for the wrongful death of Edward J. Dearden.

168.    Decedent Edward J. Dearden is survived by his sons, Michael Pettinati and Jacob Dearden.

169.    Plaintiff, on behalf of all other persons entitled to recover under law, claims all medical, funeral, burial, and estate administration expenses, the loss of services, society, comfort, guidance and tutelage due to the death of Edward J. Dearden, all pecuniary losses suffered by Decedent's statutory beneficiaries by reason of the death of Edward J. Dearden, and all other damages recoverable under the Pennsylvania Wrongful Death Act, § 8301.

Case ID: 160500492

WHEREFORE, Plaintiff David Dearden, as Executor of the Estate of Edward J. Dearden, Deceased, claims of Defendants separate sums in excess of Fifty Thousand Dollars ($50,000.00) in damages, exclusive of interest, costs, and delay damages pursuant to Pa. R.C.P. 238 and brings this action to recover the same.

### COUNT ELEVEN – SURVIVAL
### DAVID DEARDEN, EXECUTOR OF THE ESTATE OF EDWARD J. DEARDEN, DECEASED v. ALL DEFENDANTS

170.    Plaintiff incorporates by reference all preceding paragraphs, as though fully set forth here.

171.    Plaintiff David Dearden, as Executor of the Estate of Edward J. Dearden, deceased, brings this action under the Pennsylvania Survival Act, 42 Pa. C.S. § 8302, and claims all benefits of the Survival Act.

172.    Plaintiff, on behalf of the Estate of Edward J. Dearden, claims all damages suffered by the Estate by reason of the death of Edward J. Dearden, including without limiting the generality of the foregoing: damages for the anxiety, fear, serious injuries, conscious pain and suffering, both physical and emotional, and other intangible losses which Mr. Dearden underwent prior to his death; the loss of life and life's pleasures, the loss of future earning capacity suffered by Mr. Dearden from the date of his death until his time in the future that he would have lived had he not died as a result of the injuries he sustained; and the total limitation and deprivation of Mr. Dearden's normal activities, pursuits, and pleasures from the date of his death until such time in the future as he would have lived had he not died as a result of the injuries sustained by reason of the negligence, carelessness and other liability-producing conduct of the defendants.

Case ID: 160500492

WHEREFORE, Plaintiff David Dearden, as Executor of the Estate of Edward J. Dearden, Deceased, claims of Defendants separate sums in excess of Fifty Thousand Dollars ($50,000.00) in damages, exclusive of interest, costs, and delay damages pursuant to Pa. R.C.P. 238 and brings this action to recover the same.

## COUNT TWELVE – WRONGFUL DEATH
### DAVID DEARDEN, EXECUTOR OF THE ESTATE OF THERESA J. DEARDEN, DECEASED v. ALL DEFENDANTS

173.    Plaintiff incorporates by reference all preceding paragraphs, as though fully set forth here.

174.    Plaintiff David Dearden, as Executor of the Estate of Theresa J. Dearden, brings this action pursuant to the Pennsylvania Wrongful Death Act, 42 Pa. C.S. § 8301, on behalf of the Decedent's statutory beneficiaries against all Defendants for the wrongful death of Theresa J. Dearden.

175.    Decedent Theresa J. Dearden is survived by her sons, Michael Pettinati and Jacob Dearden.

176.    Plaintiff, on behalf of all other persons entitled to recover under law, claims all medical, funeral, burial, and estate administration expenses, the loss of services, society, comfort, guidance and tutelage due to the death of Theresa J. Dearden, all pecuniary losses suffered by Decedent's statutory beneficiaries by reason of the death of Theresa J. Dearden, and all other damages recoverable under the Pennsylvania Wrongful Death Act, § 8301.

WHEREFORE, Plaintiff David Dearden, as Executor of the Estate of Theresa J. Dearden, Deceased, claims of Defendants separate sums in excess of Fifty Thousand Dollars ($50,000.00) in damages, exclusive of interest, costs, and delay damages pursuant to Pa. R.C.P. 238 and brings this action to recover the same.

Case ID: 160500492

### COUNT THIRTEEN – SURVIVAL
### DAVID DEARDEN, EXECUTOR OF THE ESTATE OF THERESA J. DEARDEN, DECEASED v. ALL DEFENDANTS

177.    Plaintiff incorporates by reference all preceding paragraphs, as though fully set forth here.

178.    Plaintiff David Dearden, as Executor of the Estate of Theresa J. Dearden, deceased, brings this action under the Pennsylvania Survival Act, 42 Pa. C.S. § 8302, and claims all benefits of the Survival Act.

179.    Plaintiff, on behalf of the Estate of Theresa J. Dearden, claims all damages suffered by the Estate by reason of the death of Theresa J. Dearden, including without limiting the generality of the foregoing: damages for the anxiety, fear, serious injuries, conscious pain and suffering, both physical and emotional, and other intangible losses which Mrs. Dearden underwent prior to her death; the loss of life and life's pleasures, the loss of future earning capacity suffered by Mrs. Dearden from the date of her death until her time in the future that she would have lived had she not died as a result of the injuries she sustained; and the total limitation and deprivation of Mrs. Dearden's normal activities, pursuits, and pleasures from the date of her death until such time in the future as she would have lived had she not died as a result of the injuries sustained by reason of the negligence, carelessness and other liability-producing conduct of the defendants.

WHEREFORE, Plaintiff David Dearden, as Executor of the Estate of Theresa J. Dearden, Deceased, claims of Defendants separate sums in excess of Fifty Thousand Dollars ($50,000.00) in damages, exclusive of interest, costs, and delay damages pursuant to Pa. R.C.P. 238 and brings this action to recover the same.

### COUNT FOURTEEN – WRONGFUL DEATH

Case ID: 160500492

## VIRGINIA ANNE ROSNER, ADMINISTRATRIX OF THE ESTATE OF ROBERT D. ROSNER, DECEASED v. DEFENDANTS, VICENTE ESPINVERA, MARIANA SALAS, MS TRUCKING A/K/A M. SALAS TRUCKING, DJM TRANSPORT, LLC, BILL ANSKIS COMPANY, INC., TRAFFIC PLANNING & DESIGN, INC., ALL STATE TRAFFIC CONTROL OF PA, INC., ESTABLISHED TRAFFIC CONTROL INC., AND TRC COMPANIES, INC., D/B/A TRC ENGINEERS, INC.

180. Plaintiff incorporates by reference all preceding paragraphs, as though fully set forth here.

181. Plaintiff's Decedent, Robert Rosner, is survived by his wife, Plaintiff, VirginiaAnne Rosner, and their two sons, Mathew and Eric Rosner.

182. By reason of the death of Plaintiff's Decedent, his surviving wife and children have in the past and will in the future continue to suffer great pecuniary loss. Plaintiff and her children suffered and will continue to suffer the loss of support and contributions they would have received from Mr. Rosner, including but not limited to contributions for such items as shelter, food, clothing, medical care, education, entertainment, gifts and recreation. Plaintiff and her children have also suffered the loss of the services, society, guidance, and comfort that Mr. Rosner would have provided his family, including the value of such elements as work around the home, provision of physical comforts, services, society and comfort.

183. In addition, damages have been incurred for funeral expenses as well as expenses of administration.

184. Neither Decedent, nor anyone on his behalf, recovered any damages in any action against Defendants during his lifetime for the injuries and losses which he suffered by reason of the negligence, carelessness and recklessness of Defendants. No other action for the death of Robert Rosner or damages arising therefrom has been filed against the Defendants.

41

185.    Plaintiff, VirginiaAnne Rosner, is the Administratrix of Decedent's Estate and claims all Wrongful Death benefits and recoverable damages on behalf of herself and all other persons entitled to recover under law.

WHEREFORE, Plaintiff, VirginiaAnne Rosner, Individually and as Administratrix of the Estate of Robert D. Rosner, deceased, claims of Defendants, Vicente Espinvera, Mariana Salas, MS Trucking a/k/a M Salas Trucking, DJM Transport, LLC, Bill Anskis Company, Inc., Traffic Planning & Design, Inc., All State Traffic Control of PA, Inc., Established Traffic Control, Inc., and TRC Companies, Inc., d/b/a TRC Engineers, Inc., a sum in excess of Fifty Thousand ($50,000.00) Dollars in compensatory damages, with lawful interest thereon and costs of suit, and brings this action to recover same.

**COUNT FIFTEEN – SURVIVAL**
**VIRGINIAANNE ROSNER, ADMINISTRATRIX OF THE ESTATE OF ROBERT D.**
**ROSNER, DECEASED v. DEFENDANTS, VICENTE ESPINVERA, MARIANA SALAS,**
**MS TRUCKING A/K/A M. SALAS TRUCKING, DJM TRANSPORT, LLC, BILL**
**ANSKIS COMPANY, INC., TRAFFIC PLANNING & DESIGN, INC., ALL STATE**
**TRAFFIC CONTROL OF PA, INC., ESTABLISHED TRAFFIC CONTROL INC., AND**
**TRC COMPANIES, INC., D/B/A TRC ENGINEERS, INC.**

186.    Plaintiff incorporates by reference all preceding paragraphs, as though fully set forth here.

187.    Plaintiff, VirginiaAnne Rosner, as Administratrix, claims on behalf of the Estate of Robert D. Rosner, all damages suffered by the Estate by reason of the death of Robert Rosner, including without limiting the generality of the following: the severe injuries to Robert Rosner which resulted in his death; the anxiety, emotional distress, fear, pain, suffering and other intangible losses which Robert Rosner suffered prior to his death; the loss of future earning capacity suffered by Robert Rosner from the date of his death until the time in the future that he would have lived had he not died as a result of the injuries he sustained; and the total limitation

Case ID: 160500492

and deprivation of his normal activities, pursuits and pleasures as a result of the injuries sustained by reason of the negligence, carelessness and recklessness of Defendants.

188.    Plaintiff, VirginiaAnne Rosner, brings this action on behalf of the Estate of Robert D. Rosner, deceased, and claims all Survival benefits on behalf of herself and all other persons entitled to recover under law.

WHEREFORE, Plaintiff, VirginiaAnne Rosner, Individually and as Administratrix of the Estate of Robert D. Rosner, Deceased, claims of Defendants, Vicente Espinvera, Mariana Salas, MS Trucking a/k/a M Salas Trucking, DJM Transport, LLC, Bill Anskis Company, Inc., Traffic Planning & Design, Inc., All State Traffic Control of PA, Inc., Established Traffic Control, Inc., and TRC Companies, Inc., d/b/a TRC Engineers, Inc., a sum in excess of Fifty Thousand ($50,000.00) Dollars in compensatory damages, with lawful interest thereon and costs of suit, and brings this action to recover same.

Respectfully submitted,

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.

By: _s/ Robert J. Mongeluzzi_____
ROBERT J. MONGELUZZI
LARRY BENDESKY, ESQ.
DAVID L. KWASS, ESQ.
DAVID J. LANGSAM, ESQ.
Attorneys for Plaintiffs,
David Dearden, as Executor of the Estate of Edward J. Dearden;
David Dearden, as Executor of the Estate of Theresa J. Dearden.

FELDMAN, SHEPHERD, WOHLGELERNTER, TANNER, WEINSTOCK & DODIG

By: s/ John M. Dodig_____
JOHN M. DODIG, ESQ.

43

Case ID: 160500492

JASON A. DARIA, ESQ.
Attorneys for Plaintiff,
VirginiaAnne Rosner, as Administratrix of the Estate of Robert D.
Rosner

HANDLER, HENNING & ROSENBERG, LLP

By: s/ *David H. Rosenberg*
    DAVID H. ROSENBERG, ESQ.
    DAVID L. LUTZ, ESQ.
    Attorneys for Plaintiffs,
    Diego Frank Burns, Melissa Burns, Mary Burns (a minor), Lucy
    Burns (a minor), Joseph Burns (a minor) and Alexei Burns (a
    minor)

44

## VERIFICATION

The averments or denials of fact contained in the foregoing are true based upon the signer's personal knowledge or information and belief.  If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true.  This Verification is made subject to the penalties of the 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

David Dearden

Date: 4·29·16